All right, let's take up our next case, Hays v. Collins. And Judge Goldenhersch is recused from this case. Another judge will be assigned to the case. It will be a panel of three. The third judge will listen to argument and, of course, review your briefs, but will not be present here for oral argument. So the appellant wants to proceed. Please proceed. Thank you, Your Honor. Good morning. My name is Gerald Dunham. I'm representing the Collins, who are the appellants in this matter. This is essentially a dispute about how you can acquire title to property that, although the project has not been abandoned, I think it's clear that it wasn't in use until the parties entered themselves into the situation. It started in 1906. A singular family conveyed a strip of property for a railroad driving away across some property. At some point in time, the railroad acted in a way we think they abandoned their interest, but we don't think that's important for any resolution of the case. What we know is at the time that the dispute arose, there was large amounts of timber, commercial timber, that was growing on the property. So the tracks had been removed. There hadn't been any activity on that strip of land for a substantial period of time. There were two conveyances. Why do you not think abandonment is an issue in this case? That's essentially the issue of the day, Your Honor. Well, I thought you said it wasn't an issue. Well, I don't think it makes any difference whether it's abandoned or not. I think even if we accept trial judges ruling that the railroad had not been abandoned, we feel as a matter of law, given what the facts were, that we should prevail. Counselor, in reading this, and I kind of followed up on Justice Cates' question, it struck me that there's a necessary party, not a party for this litigation, the railroad. They're the last titleholder. And was that raised in the trial court? And why do you not think the railroad is a necessary party for this case? Because the railroad, Your Honor, one, I don't believe it was raised in the trial court by either party. It's obvious just from inspecting what the property is that the railroad has no interest in this strip of land, whether they still own the fee or not. All we're asking for, Your Honors, in this case is for a court to make a decision as to who has the prior claim, who has the right of ownership between my clients and the Hays. That's it. We're not seeking any kind of resolution with regard to the railroad. Well, how can you have ownership of someone else's property if it's not been abandoned? Well, Your Honor. I mean, what you're saying is you want a resolution of ownership, but if there's no abandonment, then somebody else owns the property. Let me ask you a question. If the telecommunications people wanted to lay cable down that right-of-way in order to bring the Internet, for example, to the country, could the railroad grant that easement? Your Honor, I'm not sure that it can at this point. If I were the title searcher, the attorney representing the cell tower people or whoever it is that's going to be laying cable there, I would at a minimum, before all of these events occur, let's say at some time in early 2010 after Mr. Hays got his deed, I would file some kind of suit if necessary to quiet title, and I would join the railroad, I would join Collins, and I would join Hays. Because the railroad is, as Justice Schwarm said, a necessary party for the configuration of who's going to be able to grant the easement. Your Honor, Judge Palmer concluded that my client could not have marketable title to the property. I don't dispute that, that my client can't have marketable title to the property. But what I do say is that the court, insofar as the dispute between Collins and Hays, there are sufficient facts, there is sufficient law that it can resolve that dispute without in any way affecting the rights of the railroad. And in that case, I don't believe the railroad is either a necessary or an indispensable party. Can the court decide possession without deciding the other issues of ownership? Certainly not. In fact, I'm glad that the questions came this early because I feel that if I can prevail, Collins can prevail on this issue, then I think the other issues naturally fall into place and the rest of the case can be resolved. Now, I'd like to start because I cite in my brief, it's an old case, but it's been cited, hasn't been reversed, Illinois Supreme Court Burns versus Collins. In that situation, it was an ejectment action. And as the Illinois Supreme Court back in 1916 indicated, in an ejectment action, it's a contest between two parties, somebody seeking ejectment and somebody resisting it. And as the Illinois Supreme Court said, in order to establish ejectment, you're going to have to be able to show some evidence of title. You're going to have to show you've got some kind of right to that real estate that's superior to that of the defendant. But in Burns versus Curran, the court also said that the defendant, part of resisting the ejectment, cannot prevail simply by pointing out that some other third party out there has got superior title to the property as opposed to the defendant. And I think that's very good law, to at least be able to resolve the dispute between these two parties, whether it's an actual case or controversy. And look what's happened here in this case, Your Honor. Obviously, both sides feel very strongly about this strip of land. The sheriff has been out there two or three times. A temporary restraining order had to be agreed to. And then after Judge Palmer issued his opinion, Mr. Hayes goes out there on the property and becomes essentially a vigilante. And I advise Michael, this strip of land isn't worth that, and he readily agreed. But we've got Mr. Hayes out there who, under the trial court's ruling, and they didn't appeal on the adverse possession question, has no title, no interest to that property at all. And there he is, squatting. What is he doing? He's farming? Yeah, he's farming. And I don't know whether he's planted more crops or not. But in the first case, it says, and I'm just reading from the case here, Your Honor, In other words, Hayes has to show a better title. Not that the railroad has a better title. Hayes has to show a better title. And according to Burns, all my client would have had to have done is gone out there and gone into possession. But Burns also indicates that there's two ways that you can go into possession and a claim title to the property, insofar as somebody that doesn't have any interest in it at all, which in this case is Hayes. You can take a deed. There's no question that the deed that my client took wasn't, it came from an entity, wasn't in the chain of title. The sole purpose of taking the deed was to further up his, restore, reinforce his claim of possession. And so what did he do? He goes out, he takes it, he takes a deed, he reports the deed. It's over the property in dispute. He posts no trespassing signs. He publishes in the newspaper an advertisement for three weeks. He puts a culvert and a tag on the property, and on the culvert it says no trespassing. And this is all before Mr. Burns got his deed. Now, under Burns v. Heron, that's sufficient. That is a possession, and certainly possession with a deed describing the property is presumptive evidence of a title. Let's say the deed is invalid. The taking of the deed was invalid. You're saying possession under those circumstances prior to Hayes ever getting onto the property is enough. Under Burns, possession alone is sufficient. The only reason for taking the deed is it's a nice, nice and balanced description over what property is being possessed so that there isn't going to be a dispute about that. So the issuance of a deed is, of course, very, very helpful. Judge Palmer, though, disagreed with that argument, obviously. I don't think Judge Palmer addressed that directly. What Judge Palmer did was I think he did not, for whatever reason, embrace the argument of the three Illinois Supreme Court cases that we cite in our brief that possession is sufficient. Certainly a deed in possession is sufficient to defeat Hayes. And we really need to have some way of resolving this because it's obvious that the railroad really doesn't care from a policy standpoint. They don't care. They haven't done anything with regard to this. I don't know whether it's in the record. I don't think the railroad has even been paying any taxes. They just don't care. But obviously, Hayes can call the sheriff to the point where he had to call the sheriff out there. And there needs to be some kind of mechanism in place where the parties can settle their differences in court and decide who wins and who loses between those two parties. And that's what Burns and Curran says. That's what the Jokes case says. That's what the Coppola case says. All consistent. Every one of those cases say go into possession. You can take a deed, go into possession. That's sufficient to claim rights to that property against the entire world except for the true owner. And it's just good policy. We need to have that kind of policy in place. Otherwise, if we don't have that policy in place, then we have a situation like we have here, where Hayes says, I don't recognize your deed. I don't recognize your no trespassing signs. I'm going to go out there, and we're going to have acts of threatened physical violence. We're going to have to have the sheriff out there. And it makes no difference. The sheriff, of course, says this is a civil matter. And now that Judge Palmer has ruled, we've got Hayes out there acting like a vigilante, adversely possessing. And I suppose if he pulls it off for 20 years, he can wind up getting entitled to the property. But that's where we're at. The Curran case doesn't say that you need to do a record search and find out who the true owner is. It's just a straight ejection action between the plaintiff and the defendant. That's all that the judgment is doing. Same thing with the Jokes case. Same thing with the Copp case. And if you look at those cases, we complied. Now, the argument that was raised was, well, those were ejectment cases. And what we have done here is we filed a complaint to enjoin trespasses. And I believe that's a distinction without a difference. Because certainly in the ejectment, the burden on the plaintiff is actually a little bit more extreme because you do have to show the crime of patient title in order to prevail in an ejectment action. And then what the ejectment courts say, again, is you have to show possession of the property. That's crime of patient evidence of title. And as the courts indicate, if we don't have a rule like that, then we can get into all kinds of disputes. And who knows how many parties, if we go all the way back to the government patent, that we're going to have to join because they might have some kind of interest in the property just to resolve what is really a dispute between two individuals. And that's really all this case is about. Now, if you are of the opinion, Your Honor, that we have to join the railroad, well, we'll be glad to do that. But I would ask then you remand the case. We'll go back. We'll amend our complaint. I'll add the railroad. And I guess we can start all over again. But I don't think that's necessary. It's not required under the cases. Now, if you look at Judge Palmer's opinion, she emphasized marketable title. And says because Collins doesn't have marketable title, he loses. We're not asking for marketable title. He probably doesn't have marketable title. He's probably going to have to get in there and pay taxes for seven years if he has to or possessed for 20 years, and then he can do his declaratory judgment and cut off the railroad that way. But we're not claiming that he has marketable title, don't want marketable title, didn't crave for marketable title. All we're asking for is a judgment saying, hey, you're a trespasser. Stay off the property. That's all we're asking for in this case because our rights are superior to yours. And that's merely because if the deed is invalid, assuming the deed is invalid hypothetically, your client was there first. And, of course, his deed, the Hayes deed, specifically excludes that property. Exactly, Your Honor. Now, to be fair with Hayes, I don't think he read the deed very carefully. And I don't know whether he had title insurance involved there or not or whether he even read the policy. I think he probably early on thought that he had acquired that strip of land. But somewhere along the time when the litigation started and when we had the trial, he admitted under oath that his deed didn't give him any interest in that property at all. So in order for the Collins to say to keep third parties off, did they have to join the railroad to accomplish that? Well, Counselor, you make that argument. I guess I'm just thinking with most possession of real estate is one of the rights in the bundle of sticks that goes with marketable title. And to obtain that right to possession, one acquires marketable title. And most for the right to possession of real estate and practically all real estate is by getting marketable title. But your argument is we don't need to go to the last record title holder, the one who had the right to possession of record, the railroad company. We can give ourselves a deed, have color of title and take possession to go against someone who has a claim for possession under adverse possession. As I read Judge Palmer, he said, well, neither side wins. You don't under your theory of color of title with possession and they don't win under their straight adverse possession. That is a correct summary of his opinion. And the only thing that I think where the analysis is, in my opinion, is not in compliance with what the Illinois courts have already done and done for a number of years, is in order to keep trespassers off your property, you shouldn't have to show marketable title. There's no case out there that says that. There's no case out there that holds that you have to have marketable title to tell your neighbor to stay off the property or to tell somebody that maybe even is guilty of some kind of, you know, intentional trespass, stay off my property. There's no case that says you have to have marketable title. It's just, it would be, and I believe this because I spent more time on this than really I care to. There has to be some mechanism and case in place to prevent lawlessness. Now, let me get, the first week I had law school, I don't want to say when because I'd really be dating myself, but the very first class I had was a property class. It was personal property. And I remember the professor said a thief can't pass with title, okay? But you can take, the thief can go ahead and maintain a conversion action or a trespass to title action against everybody but the true owner. In other words, if I go and I steal your watch, your honor, I'm a theft. You can bring all kinds of lawsuits against me and prosecute me. And now I've got your watch. I'm a thief. And then Mr. Hayes comes along and steals it from me. And I bring a conversion action against him. Now, Mr. Hayes, this is axiomatic personal property. Mr. Hayes cannot defend on the grounds that your honor is the true owner of the watch. He has to defend on the basis of whatever rights he has. And if we had any other rule, what we would be doing is we would just be encouraging further theft. Hayes steals it from me. Collins steals it from Hayes. I steal it back from Collins. It's just, it's a, you know, it's the wild, wild west. It's the vigilantism. And I think it's exactly the same policy that we have here. That's why in the Illinois Supreme Court saying, recognizing these problems, saying we have to be able to resolve the dispute between the people that are claiming the property. It doesn't make any difference whether it's personal property or real property. The issue is the same. And when Judge Palmer issued a decision he did, guess what Hayes does? He does the same thing. Instead of stealing my watch, he goes out there on the land and he has absolutely no right to that land at all. This was after Judge Palmer issued his judgment order. So what right does he have going on there? Well, I see. Thank you, counsel. You have the opportunity to rebut. Yeah, I'm sure. Argument from the appellee. Please be seated. May it please the court. My name is Steve Green, and I do represent Richard and Connie Hayes. And I guess I'm going to start by saying, truly, there is no honor among thieves. But let's look at what is being argued here today, which is exactly the opposite of what was argued at trial and argued in the appellate brief. This case is about possession. Both sides asserted ownership of that particular piece of property. And as this court already recognized, the railroad was not a party to any of those proceedings. And the record is clear that the railroad itself is the title owner of the property. Mr. Dunham, in his argument at trial, which can be found on the record, page 10, argues that one can acquire an interest in abandoned real estate the same way that one does with abandoned personal property. The theory that was presented to the judge in this case was unique. The trial actually was tried in front of Judge Moore. But as the court is aware, Judge Moore became a member of the appellate court, so Judge Palmer is the one that read the transcript by agreement of the parties, and he is the one that made the ruling. But what had happened is Mr. Hayes had asserted his claims, claiming that Mr. Anderson, his predecessor in title, had done certain things to acquire adverse possession.  Mr. Anderson. Okay. The claim was, even though that there wasn't any... Anderson conveyed to Hayes. Right, but the problem... But Anderson excluded... That's correct. Specifically excluded this property. That's correct. So I don't understand why there's a dispute that your client has some claim to this property. That's a big question mark. Your Honor is right. We are here appealing that issue. We believe that the court made the correct finding as to both parties. We're not disputing that. I think that the court did make the correct finding. So the court finding as to your client's interest, you don't dispute? It is not on appeal. That is correct, Your Honor. Then why is your client in possession? This piece of property has a railroad bed that goes on either side of Mr. Hayes' property. The possession is something that anybody can do to ripen into adverse possession. There's no question. And they saw damages for the removal of trees on this piece of property. Mr. Hayes is acquiring that property. He's been using that property for a period of time. No question about that. So you're claiming adverse possession for your clients? No, Judge. I was trying to answer your question. That claim was defeated at trial. You said why... So my question remains the same. Why are your clients in possession? Why did they go back and take possession? To reassert their claim that they may be able to make against the railroad, who was not a party to this proceeding, that they have adversely possessed this property. Okay. You have to slow down. I have a little slower mind than you, obviously. But your clients had no right to this property. They now want to assert adverse possession to the true owner is why they took possession? At potential some point in time, yes, Your Honor. Why is it that the Collins folks weren't doing the same thing at the time your clients then took possession? But that's not what they asserted at trial, Judge. Maybe they can assert that in the future. But why is that not true? I mean, this court can issue a finding based on any evidence in the record. Right. But Mr. Collins, his possession wasn't incessant 20 years. No, but he may claim he was working on it just as your clients are. Right. And he certainly published the deed, which is whether the deed is fraudulent or not fraudulent. You would at least agree it is notice to the public. The publication is notice to the world, so to speak, that they are in possession. That they are asserting some control over the property? Yes, Judge. Just like when he put the trespass sign? Yes, Judge. I think that's the same thing. And when he put it in the newspaper and says, hey, I'm the true owner? Yes, Judge. So I'm still confused as to if you have this going on, why your clients who have no deed, whose deed specifically excludes it, would then come on to this property that has a tank, that has these signs you've just talked about, that has a publication? Why do they come on and say, oh, now it's ours? I don't get that. Judge, they're not asserting anything other than the act of ownership against that property. They're not appealing. Explain that to me, why they can do that in light of what's going on on that property. Someone, like the true owner, could put a stop to it. But you have here two thieves. As I said, there's no honor among thieves. You have two individuals. Do you have a first thief and a second thief? Yes, Judge, you do. And so you guys have the second thief, your clients. Judge, you have both individuals that the court found do not have ownership interests in this piece of property. I understand. That's what has happened. But ownership is different, and that was my very first question today. Isn't ownership different than possession? And Justice Schwarm's concern about the railroad, doesn't that go to ownership as opposed to just mere possession? Yes, Judge. But look what they asked for. They're asking for damages because they claim that their property, their property was damaged, that the trees were taken away. They are not. Before we get to that, I understand there's another claim, but I'm still confused as to why people would go onto property that someone else is claiming is theirs, and that their deed specifically excludes. I'm still having trouble wrapping my head around that. Just from a personal human point of view, as I think Mr. Dunham says, we have vigilante justice going on out there, sheriffs being called and stuff like that. Those things happened during the pendency or before, actually, the case was started. Both sides believed that they had a claim of ownership and exercised whatever controls they thought that they needed to exercise to ripen their claim. Both sides lost at trial court, Judge. So no one has a right of ownership, which is what they sought in trial court, which is what they sought in the appeal. This court cannot or could the trial court award damages for the removal of timber to anyone other than the true owner. That's what they're seeking. Now, today they argue something different. Today they're saying, well, as between these two individuals, I have a superior right in you. And their claim is based upon the Burns case, most notably. But that case isn't helping them at all. That case was about the evidentiary rule relating to deeds and whether or not you had to prove your possessory interest through the chain of title. That's what the Burns case stands for. This is not an injectment case. This is a case in which both parties were so assertive that they both were the true owners. They both lost. Now, Mr. Green, let me ask you a question before you run out of time. The appellants are first of all asking that we reverse and find that they have a superior right to possession than your clients. And the other alternative that came out in the exchange between Mr. Dunham and I was a remand with direction to add a necessary part of the railroad. What's your response to that possibility? Then you would have a new trial, I suppose, Judge, if the court feels like the case needs to be remanded for a necessary party. That would basically be a new proceeding as the way I would see it because the railroad company has never taken part in anything. That is no different than either side at this point in time instituting a separate claim that they wanted to against the railroad outside of any kind of remand. Remand would serve no purpose, honestly. It isn't that the court made some decision that was wrong and it requires to be fixed. What procedurally the court is suggesting is a necessary party should have been added. It was never. That was the decision of both of the parties at that time. They can pursue their own separate claim if they wanted to. Nothing bars them from doing that. But what we have is something different here. They're asserting that they want possession, that they own the property. That's why they're asking for damages, Judge. So with all due respect, I'm asking this court to affirm the trial court's findings. And I want to make sure that following up with Justice Schwarm, so as to the order entered in this case, the findings and the orders related to Hayes are not being appealed by you. That is correct, Judge. Okay. If there are no other questions, I thank the court. There are no questions. Mr. Dunn, rebuttal. I'll try to be brief, Your Honors. Hayes filed a suit first. They filed a suit essentially to quiet idle. Then we filed a counterclaim. So Hayes didn't think it was necessary to add the railroad, even. And the point is that we have a situation, as was pointed out, both sides, I think, tried this case under the assumption that the railroad had abandoned the property. It was Judge Pollard that looked at the situation and concluded otherwise. But as I said before, there is no case. In the state of Illinois that says to enjoin trespass or to bring an ejectment action, you need to do a title search to find out everybody that might have a claim to the property as a precondition for relief. If all you're asking for is a judgment against that particular person. As was pointed out, this is exactly what we have here. Mr. Hayes, it's not reflected in the record, but he's a fairly big, stout guy. They're actually stronger than my clients. So my clients aren't going to go out there to the property because they're going to get their nose bloodied. I suppose they could bring a suit for battery or something like that, but that's not what they're interested in. So it's simply a might makes right. And so I suppose what we could do is go out and hire ourselves a black belt in karate that happens to be six foot five. And he's got five dance. Send him out there when he sees Hayes out there and throws him off the property and bloodies his nose. This is not an acceptable solution to the problem. And Council was your counterclaim a counterclaim to a quiet title as well, or was it just for possession? Our client, our counterclaim was a declaratory judgment saying we had superior rights to the property over Hayes. Only the right of possession or all rights? Well, I'm going to look at the complaint, Your Honor, because I want to make sure I got it right. I want to make sure I got it right. But Hayes has no interest in the property. And a permanent injunction be issued against Hayes as agents. Everybody stay off of the property. And then the second count is the damages count. So all we're asking for is an injunction telling, as opposed to us, our rights, we want Hayes to stay off of the property. Because our title, our right, our claim is superior to his, which is essentially what you have to do in an injection action. That's what we're looking for. Not asking the court to complain, say that we have a true owner, that we've got marketable title, any of that stuff. We just want to be rid of Hayes, as Hayes' own counsel admits, has no interest in the property. What did he say while he's there? Well, they are starting a new 20-year statute of limitations on adverse possession against the railroad. That's why he's here. That's what he said. Well, that's not in the record. And even if that were a completely 100% candid situation, it's just from a policy reason. It's a situation that we cannot permit to exist. The court needs to make a determination as to who has a superior claim to this property, Hayes or Collins. Now, I admit that if Collins has no interest in it at all, he just decided that because he's bigger and stronger, he wants to throw Hayes off, then I don't see a court intervening. So then we get back to the Burns and Curran case. And contrary to what Mr. Green says, that case specifically says, specifically holds, that if you have possession, you can bring an action in ejectment. If you've got a deed and possession, you can doubly bring an action for ejectment. That's what that case holds. Thank you, counsel. We'll take this matter under advisement and issue a written ruling.